UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARBARA SIAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-cv-493 |
| | ) | |
| NORTHSTAR LOCATION SERVICES, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, BARBARA SIAS ("Plaintiff"), through her attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, NORTHSTAR LOCATION SERVICES, LLC ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Texas Debt Collection Act Tex. Fin. Code Ann. §392, et al. ("TDCA").

3. Count III of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. 227, et seq. ("TCPA").

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367, and 15 U.S.C. §1692k.

5. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court

1

without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained within.

6. This Court has jurisdiction over Plaintiff's TCPA claim pursuant to Mims v. Arrow Financial Svcs. LLC, 132 S. Ct. 740, 2012 WL 125249 (Jan. 18, 2012).

7. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

8. Plaintiff is a natural person residing in Tomball, Harris County, Texas.

9. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

10. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

11. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

12. Defendant attempted to collect a consumer debt from Plaintiff.

13. Defendant is a collection agency headquartered in Cheektowaga, New York.

14. Defendant is a business entity engaged in the collection of debt within the State of Texas.

15. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

16. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

17. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

18. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via

the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

20. Defendant is attempting to collect a consumer debt from Plaintiff on behalf of Sallie Mae, originating from a student loan.

21. The alleged debt owed arises from transactions for personal, family, and household purposes.

22. In December 2013, Defendant began placing collection calls to Plaintiff on Plaintiff's cellular telephone at 832-245-15XX in an attempt to collect the debt.

23. In January, Defendant left several voicemail messages for Plaintiff at Plaintiff's cellphone number in an attempt to collect the debt.

24. On January 29, 2014, Plaintiff answered Defendant's telephone call and first spoke with one of Defendant's collectors, Jennifer Mall, and later spoke with one of Defendant's supervisors, Kevin Higgins, regarding the debt.

25. Plaintiff told Defendant that Plaintiff was currently making payments on the debt to West Asset Management, Inc., and disputed the debt with Defendant.

26. When Plaintiff spoke with Defendant's supervisor, Kevin Higgins, Mr. Higgins stated that if Plaintiff did not pay the debt to Defendant, the negative report would remain on Plaintiff's credit report forever.

27. Despite Plaintiff's efforts in disputing the debt with Defendant, Defendant continued to call Plaintiff in an attempt to collect a debt.

28. Defendant called Plaintiff at an annoying and harassing rate

29. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

30. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

31. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

32. Plaintiff has never provided any personal information, including her cellular telephone number, to Defendant for any purpose whatsoever.

33. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

34. Despite receiving the information above on numerous occasions, Defendant continued to place repeated collection calls to Plaintiff, on her cellular telephone, using an "automated telephone dialing system."

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

35. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in

4

      connection with the collection of an alleged debt; and

   b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

   c. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

   d. Defendant violated §1692e(2)(A) of the FDCPA by falsely representing the character, amount, and legal status of a debt by demanding payment of the alleged debt even though Plaintiff was currently making payments on the debt to West Asset Management, Inc., and disputed the debt with Defendant.

   e. Defendant violated §1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken when Defendant's supervisor, Kevin Higgins, stated that if Plaintiff did not pay the debt to Defendant, the negative report would remain on Plaintiff's credit report forever.

   f. Defendant violated §1692e(10) of the FDCPA by using false representations or deceptive means in connection with the collection the alleged debt; and

   g. Defendant violated §1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

36. Defendant's acts as described above were done intentionally with the purpose of harassing Plaintiff.

37. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

WHEREFORE, Plaintiff, BARBARA SIAS, respectfully requests judgment be entered

against Defendant, NORTHSTAR LOCATION SERVICES, LLC, for the following:

38. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

39. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

40. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT

41. Plaintiff repeats and realleges paragraphs 1-34 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

42. Defendant violated the TDCA based on the following:

    a. Defendant violated Tex. Fin. Code §392.302(4) by oppressing, harassing, or abusing Plaintiff by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

WHEREFORE, Plaintiff, BARBARA SIAS, respectfully requests judgment be entered against Defendant, NORTHSTAR LOCATION SERVICES, LLC, for the following:

43. For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

44. For attorneys' fees, costs and disbursements;

45. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

46. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## COUNT III
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

47. Plaintiff repeats and realleges paragraphs 1-34 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

48. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

49. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

50. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

51. Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, BARBARA SIAS, respectfully requests judgment be entered against Defendant, NORTHSTAR LOCATION SERVICES, LLC, for the following:

52. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

53. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

54. Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

55. Any other relief that this Honorable Court deems appropriate.

DATED: February 27, 2014

                              RESPECTFULLY SUBMITTED,

                      By: /s/ Michael S. Agruss
                          Michael S. Agruss
                          Agruss Law Firm, LLC
                          22 W. Washington St., Suite 1500
                          Chicago, IL 60602
                          Tel: 312-224-4695
                          Fax: 312-253-4451
                          michael@agrusslawfirm.com
                          Attorney for Plaintiff